IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYED HAIDER KARRA ZAIDI | ) | Case No. 5:08 CR 187 |
| | ) | 5:12 CV 2366 |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Plaintiff-Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket # 178 in Case No. 5:08 CR 187.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On January 21, 2010, a jury found Petitioner guilty of one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. Section 2422(b) and one count of interstate travel for the purpose of sexual conduct with a minor in violation of 18 U.S.C. Section 2423(b). Petitioner was sentenced to two, concurrent 128-month terms of imprisonment, followed by 10 years of supervised release.

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals. On appeal, Petitioner asserted: (1) his actions did not involve a "minor," as defined in 18 U.S.C.

§§2422, 2423; (2) the Indictment did not include signatures of the Grand Jury foreman or government attorney, as required pursuant to Federal Rules of Criminal Procedure 6(c) and 7(c)(1); (3) the District Court permitted a constructive amendment of the Indictment and improperly instructed the jury that no actual victim under 18 years of age was required for a conviction; (4) the District Court failed to rule on his pretrial motion to suppress evidence; (5) he was arrested without probable cause; (6) his sentence is improper because his case involved no actual minor; (7) the terms of his supervised release include an improper restriction on communications with minors and an inapplicable requirement that he register as a sex offender; and, (8) the District Court improperly applied a two-level increase pursuant to USSG §2G1.3(b) because Petitioner cannot be deemed to have used a computer to entice a fictional victim. On June 7, 2011 the Sixth Circuit Court of Appeals found each of these claims to be without merit. Mr. Zaidi filed a Petition for Writ of Certiorari to the United States Supreme Court, which was denied on October 31, 2011.

Petitioner filed the instant Section 2255 Motion on September 20, 2012. (ECF# 179). Petitioner moves the Court to vacate, set aside, or correct his sentence, asserting the following Grounds for Relief: (1) Petitioner's Fourth Amendment rights were violated when he was taken into custody without either a warrant or probable cause; (2) the Indictment was invalid, violating Petitioner's Fifth Amendment rights; (3) Petitioner's Sixth Amendment rights were violated when a witness summoned by subpoena was prevented from testifying; (4) Petitioner was arrested, prosecuted, and convicted under a law not enacted by Congress; (5) unlawful jury instructions were given which resulted in Petitioner's conviction; (6) improper use of sentencing guidelines to determine Petitioner's sentence; (7) miscalculation of Petitioner's sentence due to improperly deeming his crime a "violent" one; and, (8) the terms of Petiotner's supervised

release include an improper restriction on communications with minors and an inapplicable requirement that he register as a sex offender due to retroactive application of the Sexual Offenders Registration and Notification Act. Respondent filed a Brief in Opposition to Petitioner's Motion, asking this Court to deny Petitioner's Motion (ECF # 185.) Petitioner filed a Reply Brief on January 2, 2013. (ECF# 189.) This matter is fully briefed and ready for disposition.

## DISCUSSION

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or, (4) the sentence "is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-427 (1962); *see also*, 28 U.S.C. §2255. The threshold showing for relief under Section 2255 is much higher than on direct appeal: a petitioner must show, by the preponderance of the evidence, that his constitutional rights were denied or infringed or that a serious jurisdictional defect existed. *See Stone v. Powell*, 428 U.S. 465, 477 (1976); *United States v. Frady*, 456 U.S. 152, 166 (1982). In addition, a court may grant relief under Section 2255 if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice," or is "so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

## PETITIONER'S FIRST, SECOND, THIRD, FIFTH, SIXTH AND EIGHTH GROUNDS FOR RELIEF

Grounds that have been previously litigated cannot be heard unless the "ends of justice would not be served by reaching the merits of the subsequent applications." *Sanders v. United*

*States*, 373 U.S. 1, 16 (1963). Petitioner's First, Second, Third, Fifth, Sixth, and Eighth Grounds for Relief were previously litigated. Petitioner acknowledges in his Motion that said claims were presented in both the Sixth Circuit Court of Appeals and the United States Supreme Court and rulings were issued. Thus, the question turns to whether the ends of justice would not be served without further consideration of Petitioner's Motion.

The ends of justice inquiry is one of both law and fact. "If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair." *Id.* The full and fair hearing requirement is satisfied if evidence was presented and the court made a decision regarding the issue. *See Townsend v. Sain*, 372 U.S. 293 (1963). When purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application. *See Sanders*, 373 U.S. at 17.

Petitioner's First, Second, Third, Fifth, Sixth, and Eighth Grounds for Relief were raised in this Court during both Petitioner's pretrial and trial. As stated above, Petitioner appealed these issues to the Sixth Circuit and the United States Supreme Court and final rulings were issued. Petitioner has not presented any evidence or intervening change in the law and has failed to present any additional argument as to why he would be entitled to a new hearing on these issues. Thus, the ends of justice were satisfied and Petitioner is properly barred from raising these grounds in his § 2255 Motion.

### PETITIONER'S FOURTH AND SEVENTH GROUNDS FOR RELIEF

When a petitioner fails to raise factual claims at pretrial, trial, or on direct appeal they are procedurally barred from bringing the claims in a § 2255 motion. *See U.S. v. Frady*, 456 U.S.

-4-

152, 162-66 (1982), *see also Dubuc v. Green Oak Twp.*, 312 F.3d 736, 748 (6th Cir. 2002). A movant may still be entitled to § 2255 relief if they can show both cause for their failure to bring the claim in previous litigation and actual prejudice from the alleged error. *See Frady*, at 168-70.

Petitioner offers no reason as to why he failed to raise these claims during his initial proceedings or on appeal, nor does he illustrate actual prejudice from the error. Petitioner fails to articulate any argument which would allow him to bypass the "cause and prejudice" requirement. Accordingly, Petitioner's Fourth and Seventh Grounds for Relief are procedurally barred.

Petitioner raised no legally cognizable claims in his Section 2255 Motion. Accordingly, Petitioner is not entitled to the relief sought.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal many not by taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that

-5-

reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slacke v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slacke*, 529 U.S.473, at 484. Where the petitioner has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petiton or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #179 in Case No. 5:08 CR 187) is

DENIED. There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 11, 2013